**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
**FILED**
OCT 27 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-164-DLB

JOSHUA JOE JOHNSON                                                          PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

SGT. GRIMES, ET AL.                                                  DEFENDANTS

\* \* \* \* \* \*

Joshua Joe Johnson,[1] an individual confined at the Franklin County Regional Jail in Frankfort, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The plaintiff claims that the defendants used excessive force against him, in violation of his rights under the U.S. Constitution's First, Sixth, Eighth, and Fourteenth Amendments.

## DEFENDANTS

The plaintiff identifies four defendants, all officers at the Franklin County Regional Jail: Jailer Ted Hammermister; Sgt. Grimes, #33; Sgt. Yunt, #71; and Private Mahoney.

---

[1] The plaintiff signed his initial pleading as "Joshua J. Johnson." One of the exhibits which he attaches is his indictment in state court, captioned "Commonwealth of Kentucky v. Steve Edward Johnson aka Joshua Joe Johnson aka Joshua Joe Johnson-Barnes."

## RELIEF REQUESTED

The plaintiff seeks injunctive relief and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations, as contained in a partially completed complaint form, attached pages, and documentary exhibits. Record No. 1.

The plaintiff alleges that on February 10, 2005, when he told Defendant Grimes that he was feeling angry and would like to speak with someone, Grimes knocked his legs out from under him and pushed on the back of his head so that his face was the first to hit the floor; while he was down, this defendant kicked him in the face. Also while he was down, Defendant Mahoney knelt on his lower back and smashed his head into the floor, while Defendant Yunt handcuffed him. Another officer began video-taping the incident. When Mahoney and Yunt got off the plaintiff and he was trying to get up, Grimes purportedly elbowed him in the back of his head, knocking him down again, while the officers laughed.

According to the plaintiff, Mahoney and Yunt took the plaintiff to the local hospital, and upon returning, while Johnson was still handcuffed, they maced him and put a black bag over his head. The plaintiff further alleges that to justify their actions, Grimes and Mahoney charged him with criminal offenses, specifically, two counts of 3rd degree assault of an inmate on a corrections officer and one count of 3rd degree terroristic threatening. He attaches the police citation reflecting these charges, the February 23rd indictment resulting therefrom, and the arrest warrant of February 24th, showing that it was executed at the jail on March 4th. The plaintiff does not state what, if any, action was taken on the charges between that time and the instant filing on August 26, 2005.

2

The plaintiff also contends that Defendant Grimes has been fired in the past for use of excessive force on other inmates, but those other prisoners have not complained because they are in fear for their lives.

As to the plaintiff's injuries, he claims that the February 10, 2005 assault left him with a split nose, split chin, and two black eyes. Further, he alleges that he still suffers "because of a bone that seems to be sticking out of my back"; his hip moves out of place while walking; and he has numbness in his left leg and a constant burning in his foot. "I've filled out medical requests and medical grievances, and still haven't heard anything back on them. I can't sleep most nights due to the burning, and some pain in my lower back."

For relief, the plaintiff seeks damages and to have Grimes charged with assault.

## DISCUSSION

Before considering the merits of the claims made herein, the Court must begin with an examination of a statutory pre-condition to a prisoner's filing a lawsuit in federal court. Congress has passed legislation requiring the following:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has directed that the statute means just what it says. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Sixth Circuit has consistently insisted on compliance with the statute and a clear demonstration of that compliance at the time of filing a prisoner's lawsuit. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies

3

of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity, so as to demonstrate exhaustion. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

In the case *sub judice*, Plaintiff Johnson does not allege exhaustion. On the portion of the complaint form inquiring into this matter, he has responded that the jail has a grievance system, but he did not use it, explaining, "I never did because I'm afraid for my saf[e]ty and well being and still am at this time." He does not mention any other efforts which he made to advise authorities of abuse(s) at the jail. This Court finds that his one sentence, standing alone, is inadequate to justify a waiver of the statutory exhaustion requirement. This conclusion is particularly apt, in light of the plaintiff's having spent time outside the jail, from September 12th until mid-October, still without appealing to any authority for assistance.[2]

The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999). State officials must be given the first opportunity to respond to the prisoner's allegations and take corrective action. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (citing

---

[2] Docket Entry No. 3 is a letter to the Clerk from the plaintiff, informing him of a temporary change of address. On September 12th, the plaintiff was to begin a 28-day stay in a half-way house drug and alcohol abuse program, after which he would be returned to the jail. Subsequent entries from the plaintiff show that he did go to the program as planned. Based on that 28-day plan, presumably, he is now back at the jail, although he has not supplied any additional information to the Clerk or the Court.

4

*Porter v. Nussle*, 534 U.S. at 525).

So long as the instant plaintiff and other prisoners do not use the available system(s) to put officials on notice of a problem, if any, then the problem will continue and they will not be able to hold those officials liable. Further, giving jail/prison officials "fair notice" of a problem also facilitates "development of 'an administrative record that clarifies the contours of the controversy' in advance of litigation." *Burton*, 321 F.3d at 575. That administrative record prepares a record for the federal court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant plaintiff has not assisted the Court by providing a record. He has also not helped himself. His complaint must be dismissed, without prejudice, for his failure to exhaust the available administrative process prior to filing the instant cause of action.

Even were the Court to somehow waive the exhaustion requirement, however, the instant cause could not go forward for other reasons. To the extent that the plaintiff seeks to prosecute Grimes, he is advised that violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). A federal court has no authority to do so. *Id.*; *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

To the extent that the plaintiff seeks damages, the law is that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor

> of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a 1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083.

More recently, the use of *Heck*'s favorable termination rule to bar an excessive force claim has been examined and applied in *Ruiz v. Martin*, 72 Fed.Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000). Applying *Heck* and its progeny to this case and finding the rationale of *Ruiz* applicable herein for the same reasons, the Court concludes that a judgment in favor of the plaintiff on his claim herein would necessarily imply that an assault or terroristic threatening conviction is illegal. Thus, Petitioner Johnson's claim is not yet cognizable under 42 U.S.C. §1983 and dismissal, without prejudice, is required until a favorable judicial determination occurs.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor

6

of the defendants.

(2)     The Clerk of the Court shall send a copy of all orders and the Judgment to the plaintiff at each of the addresses provided by him, *i.e.*, the Franklin County Regional Jail and the halfway house.

This 27th day of October, 2005.

Signed By:
*David L. Bunning*
United States District Judge